```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
NANDA SHIVANANJAPPA,

                    Plaintiff,                MEMORANDUM AND ORDER

         v.                                   20-CV-1138(KAM)(CLP)

RAJENDRA BHAYANI,

                    Defendant.
-------------------------------X
```

**Kiyo A. Matsumoto, United States District Judge**:

On February 20, 2020, Plaintiff Nanda Shivananjappa ("Plaintiff"), a New Jersey resident, filed this *pro se* action invoking the Court's diversity jurisdiction.[1]  Plaintiff sues the father of her child, Rajendra Bhayani ("Defendant"), who resides in Brooklyn, New York.  Plaintiff seeks unspecified damages and immediate and permanent injunctive relief relating to child custody disputes.  The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  For the reasons set forth below, however, the Court dismisses the complaint for lack of subject matter jurisdiction.

## Background

Plaintiff has an action for child custody and child support pending before the Superior Court of New Jersey,

---

[1] Plaintiff filed this action in the Southern District of New York.  As neither party resided in the Southern District, Chief Judge McMahon found venue improper.  (ECF No. 6, Transfer Order.)  Chief Judge McMahon then transferred the action to this court, as it appears that Defendant resides in this district, and as Plaintiff alleges that at least some of the events giving rise to this action occurred in this district.  (*Id.*)

Chancery Division, Family Part, Middlesex County, Docket No. FD-12-1231-18C.  (ECF No. 1, Complaint, at 6, 15.)  Plaintiff's complaint repeats her requests that were filed in the state court action, *i.e.*, she seeks sole legal and residential custody, child support, spousal support, supervised visitation, and other relief.  (*Id.* at 4-5, 15-19.)  Plaintiff also seeks a temporary restraining order to, *inter alia*, prevent Defendant from taking the child.  (ECF No. 3, Supp'l Complaint, at 5.)

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Id.*

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Nevertheless, the Court must dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails

to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## Discussion

Federal courts are courts of limited jurisdiction. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009). "[G]iven their limited role in the judicial system established by our Constitution, federal courts have a continuing and independent duty to ensure that they possess subject matter jurisdiction, and must dismiss a case — even *sua sponte* — when they find subject matter jurisdiction lacking." *Tait v. Powell*, 241 F. Supp. 3d 372, 376 (E.D.N.Y. 2017) (citing Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"It is well-settled that 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Awan v. Kazoleas-Awan*, No. 16-CV-6423 (MKB), 2017 WL 374726, at *3 (E.D.N.Y. Jan. 25, 2017) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)). "'So strong is [the United States Supreme Court's] deference to state law in this area that [it has] recognized a domestic relations exception that divests the federal courts of power to issue divorce,

3

alimony, and child custody decrees." *Id.* (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004)); *see also Ashmore v. New York*, No. 12-CV-3032, 2012 WL 2377403, at *1 (E.D.N.Y. June 25, 2012) ("Federal courts 'lack[] jurisdiction to interfere with . . . ongoing state court proceedings concerning the custody and care of . . . children.'" (quoting *Abidekun v. N.Y.C. Bd. of Educ.*, No. 94-CV-4308, 1995 WL 228395, at * 1 (E.D.N.Y. Apr. 6, 1995))).

"Although the Supreme Court has advised that the exception generally 'encompasses only cases involving the issuance of a divorce, alimony, or child custody decree,' the Second Circuit has repeatedly held that 'subject matter jurisdiction may be lacking in actions directed at challenging the results of domestic relations proceedings.'" *Id.* (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *Martinez v. Queens Cty. Dist. Att'y*, 596 F. App'x 10, 12 (2d Cir. 2015)); *see also Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) ("A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." (quoting *Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir. 1976)). "[A] plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary

4

damages." *Schottel v. Kutyba*, No. 06-CV-1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009).

Plaintiff's requests for relief militate against the exercise of jurisdiction over this action. The complaint asks the court to issue custody, child support, and spousal support rulings. (*See* Compl. at 4-5 (listing the following among the relief requested: "[c]hild [c]ustody [s]ole legal and residential to plaintiff mother," "[c]hild [s]upport according to NJ state guidelines through probation," "[s]pousal support, access to marital properties," "supervised visitation, alternate weekends 11-2pm," "[r]estraining the defendant to take the child unsupervised and out of NJ," "[l]ife insurance coverage for the baby and me," "[h]ealth insurance coverage for baby and me"). These claims fall squarely within the orbit of the domestic relations exception. *See Block*, 905 F.2d at 14 (explaining that where "'a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child' . . . [courts] generally decline jurisdiction pursuant to the matrimonial exception" (quoting *Csibi v. Fustos*, 670 F.2d 134, 137 (9th Cir. 1982)).

Although Plaintiff also seeks unspecified damages (*see* Compl. at 4-5 (listing the following among the relief requested: "[c]reate a source of income to compensate for my professional losses," "co[u]ns[e]l fee, fee towards experts and discovery"), these damages arise out of the domestic dispute, counseling

5

against the exercise of jurisdiction. *Ruchinsky v. Devack*, No. 14-CV-2219, 2014 WL 2157533, at *9 (E.D.N.Y. May 23, 2014) (quoting *Schottel*, 2009 WL 230106, at *1) (explaining that courts decline jurisdiction where there are "claims for money damages 'which begin and end in a domestic dispute'").

To the extent Plaintiff asks this court to intervene in the pending family court action (*see* Compl. at 4-5 (listing the following among the relief requested: "[r]estrain the defendant's experts to contact me or monitor me," "[c]omplete [d]iscovery, depositions and notices to produce," and "defendant to [h]onor the subpoena")), "[f]ederal courts 'lack[] jurisdiction to interfere with . . . ongoing state court proceedings concerning the custody and care of . . . children,'" *Ashmore,* 2012 WL 2377403, at *1 (quoting *Abidekun*, 1995 WL 228395, at *1), particularly where, as here, there is no indication that there exists an obstacle to the full and fair determination of these issues in state court, *see Block*, 905 F.2d at 14 ("A federal court presented with . . . issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts.").2

---

2 Insofar as Plaintiff seeks to have this court intervene in ongoing state court proceedings, *Younger* abstention precludes this court from exercising jurisdiction. *See, e.g.*, *Perso v. Perso*, No. 19-CV-2858 (JMA) (SIL), 2019 WL 4415399, at *3 (E.D.N.Y. Sept. 13, 2019) (finding that *Younger* abstention barred plaintiff's claims which would require the court to intervene in plaintiff's ongoing state court divorce and child support proceedings). To the extent that Plaintiff seeks to attack the state court's rulings, her claims are barred by the *Rooker-Feldman* doctrine. *See, e.g.*, *id.* (finding

6

## Conclusion

Accordingly, this action is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Although the court would generally grant a *pro se* plaintiff an opportunity to amend her complaint, leave to amend is not necessary where amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint. *See, e.g.*, *Johnson v. Alma*, No. 19-CV-8093 (CM), 2019 WL 5260824, at *4 (S.D.N.Y. Oct. 15, 2019) (declining to grant *pro se* plaintiff leave to amend where claims barred by domestic relations exception and *Younger* doctrine).

Plaintiff's request for a temporary restraining order and other injunctive relief is denied for lack of subject matter jurisdiction. *Tait*, 241 F. Supp. 3d at 378. Plaintiff's motion to seal is denied, but as she filed numerous unredacted documents with personal information regarding a minor child and other confidential information, the Clerk of Court is respectfully directed to limit electronic access to Plaintiff's complaint and other pleadings to a "case-participant only" basis.

plaintiff's claims attacking state court orders relating to custody and visitation of a child barred by *Rooker-Feldman* doctrine).

The Clerk of Court is respectfully directed to enter judgment, to serve Plaintiff with a copy of this Memorandum and Order and the Judgment, to note service on the docket, and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   April 23, 2020
         Brooklyn, New York

                                    /s/
                              Hon. Kiyo A. Matsumoto
                              United States District Judge